IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KELLY PAUL BROWN, JR.                                                                         PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 4:13cv105-FKB

LAUDERDALE COUNTY, et al.                                                              DEFENDANTS

## ORDER

Kelly Paul Brown, Jr., is a pretrial detainee currently being held at the Lauderdale County Jail. He brought this action pursuant to 42 U.S.C. § 1983 alleging that prison officials failed to protect him from an assault by other inmates. The Court has held a *Spears*[1] hearing, and the parties have consented to jurisdiction by the undersigned. Having considered the complaint and Plaintiff's testimony at the hearing, the Court concludes that this action should be dismissed.

Brown's allegations are as follows. Prior to May 19, 2013, Brown was housed on unit B-1 in the Lauderdale County Jail. On that date, Sergeant Rochester Anderson informed Plaintiff that he was being moved to unit B-3. Brown initially refused to go, explaining that he was not supposed to be housed on B-3 because there were inmates housed on B-3 who represented a threat to Plaintiff's safety. Brown identified two such inmates to Anderson, as well as a gang whose members he considered a threat. Anderson responded that if Brown did not cooperate in the move, a Taser gun would be used on him. However, Anderson told him that to ensure his safety, Brown would be placed in administrative segregation. Brown ultimately cooperated in the move and was

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

placed in a locked single-man cell on unit B-3.  Anderson noted on the log sheet that Brown was not to be released from his cell when other inmates were in the common area.

A few hours after the move, while Brown was asleep, Officer Evelyn Cole opened the cell doors for inmates to go into the day room.  Because she had failed to check the log sheet, Cole did not realize that Brown was not to be released with the general population, and she opened Brown's cell door along with the others.  Two inmates entered Brown's cell and assaulted him.  Brown sustained a swollen eye, bruises, and an injury to his lip.  After the incident, Brown was moved back to B-1.

In order to succeed on a failure-to-protect claim, a pretrial detainee must allege and prove that an official acted with subjective deliberate indifference to his rights.  *Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996).  "Subjective deliberate indifference" means that the official has actual knowledge of a substantial risk of serious harm and responds with deliberate indifference to that risk.  *Id.* at 650.  Brown's own allegations show that while Anderson insisted on moving Anderson to B-3, he nevertheless took reasonable measures to ensure Brown's safety by placing him in administrative segregation.  Brown has alleged nothing more than negligence on the part of Cole.  Thus, Plaintiff's allegations against these officials fail to rise to the level of subjective deliberate indifference.  For this reason, this action is hereby dismissed for failure to state a claim.  A separate judgment will be entered.

SO ORDERED this the 5th day of November, 2013.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE